**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Shenzhen Aji Fashion Technology Co. Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-14043 |
| | ) | |
| | ) | |
| WhaleCo Inc., OYIJIA, ALUBO, Necoo,  v. | ) | |
| OversizeLAPA | ) | |
| Defendants. | ) | |

## Complaint

**NOW COMES** Shenzhen Aji Fashion Technology Co. Ltd. ("Plaintiff"), by and through its undersigned counsel at AU LLC and hereby brings this action against WhaleCo Inc. d/b/a Temu.com, OYIJIA, ALUBO, Necoo, and OversizeLAPA ("Defendants") and alleges as follows:

### Introduction

1. This action is filed to combat Defendants' willful trademark infringement, copyright infringement, and unfair trade practices against Plaintiff and its online e-commerce clothing business.

### Parties

2. Plaintiff Shenzhen Aji Fashion Technology Co. Ltd. is a Chinese business operating through its retail e-commerce website Rosegal.com.

3. Defendant WhaleCo Inc. ("WhaleCo") is a Delaware corporation that conducts business throughout the United States including within the State of Illinois and this Judicial District, through its product sales operation on the Temu.com marketplace.

4. Defendant OYIJIA is an individual or entity acting in concert with WhaleCo on Temu.com marketplace.

5. Defendant ALUBO is an individual or entity acting in concert with WhaleCo on the Temu.com marketplace.

6. Defendant Necoo is an individual or entity acting in concert with WhaleCo on the Temu.com marketplace.

7. Defendant OversizeLAPA is an individual or entity acting in concert with WhaleCo on the Temu.com marketplace.

## Jurisdiction and Venue

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1051, 17 U.S.C. § 101, and 28 U.S.C. §§ 1331, 1338(a)-(b).

9. This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in Illinois and this Judicial District.  Specifically, Defendants shipped at least one Infringing Product to residents of Illinois and on information and belief, have shipped numerous Infringing Products to this State and Judicial District.  Further, Defendants operate a commercial, fully-interactive online marketplace through which residents of Illinois and this Judicial District can purchase products being offered and sold under spurious versions of Plaintiff's trademark.  Defendants have targeted sales from residents of Illinois and this Judicial District by selling the Infringing Product directly on its marketplace and offers shipping to addresses within Illinois and this Judicial District.  Defendants have committed tortious acts in

Illinois and this Judicial District, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois

### Plaintiff's Business

11. Since 2013, Plaintiff has been engaged in the design, distribution, and sale of various clothing items and accessories (collectively, the "Plaintiff Products") on an international basis, including within the United States.

12. Plaintiff uses its trademark in connection with the marketing of its products and owns U.S. trademark registrations, as set forth below (the "Mark"):

| Reg. | Mark | Goods and Services |
|---|---|---|
| 5631377 | Rosegal | Tops as clothing; Swimwear; Dresses; Bottoms as clothing; Coats; Underwear; Athletic tights; Leggings; Bathing suits; Sweaters; Polo shirts; Sweat shirts; Jeans; Jogging pants; Shorts. IC 025 |

13. True and correct copies U.S. trademark certificates for the Mark and assignments *in toto* are attached hereto as **Exhibit 1.**

14. Plaintiff has spent considerable resources growing and protecting its brand.

15. Plaintiff is the owner of all rights, title and interest in and to the Mark.

16. The Mark is recognized and valuable assets of Plaintiff.

17. The Mark have been continuously used in U.S. interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Plaintiff Products since as least as early as February 2016.

18. Genuine Plaintiff Products have become popular, driven by Plaintiff's elevated quality standards and innovative designs. Genuine Plaintiff Products are recognizable among the consuming public and the Mark identifies, in the United States and around the world, high-quality personal care products offered by Plaintiff.

19. Genuine Plaintiff Products have been distributed, promoted, and sold on Plaintiff's website http://www.rosegal.com



and through selected licensed dealers.[1]  Plaintiff's sales of Plaintiff Products have been significant.

20. As a result of Plaintiff's use of its Mark in association with its high-quality products, extensive sales, and significant marketing activities, the Mark has achieved recognition among the consuming public and throughout U.S. interstate commerce.

21. The Plaintiff Mark is exclusive to Plaintiff and its licensees and appears clearly on all Plaintiff Product packaging and related advertisements.  Plaintiff has expended substantial time, money, and other resources to develop, advertise, promote, and protect the Mark.  Accordingly, products bearing the Mark is widely recognized and exclusively associated by the consuming public and the industry as being high-quality personal products sourced from Plaintiff.

22. The Mark is distinctive when used in association with the sale of Plaintiff's products, signifying to the purchaser that the products come exclusively from Plaintiff and are made to Plaintiff's material specification.

---

[1] Genuine Plaintiff Products are sold on the Temu.com marketplace by Plaintiff's licensees Routlets (Temu ID 2761281641544), Plusgoth (Temu ID 4034089557379), Ajidesign (Temu ID 5244982071263), and Rosegal Fashion (Temu ID 305632932706) (collectively, "Plaintiff Licensees").

23. Plaintiff additionally produces its own marketing materials, including product photos, which it uses to sell its products, including series of the following images (collectively, the "Plaintiff Works").  Copies of each of Group A, B, C, and D photos are attached hereto as **Exhibit 2**.



| Group A | Group B | Group C | Group D |

24. The Plaintiff Works include watermarks of the Mark, covered under Plaintiff Marks' federal trademark registrations.  **Exhibit 2**.

25. Plaintiff owns all right, title, and interest in and to the Plaintiff Works, including without limitation, the rights to reproduce the Plaintiff Works in copies, to prepare derivative works based upon the Plaintiff Works, to distribute copies of the Plaintiff Works to the public by sale or other transfer of ownership, or by rental, lease, or lending, and to display the Plaintiff Works publicly.  Plaintiff copyrights in Plaintiff Works are enforceable in the United States under the Berne Convention for the Protection of Literary and Artistic Works.

### Doing Business on Temu.com

---

[2] https://www.rosegal.com/plus-size-leggings/plus-size-high-waist-floral-print-3d-jeggings-g_7740543.html
[3] https://www.rosegal.com/plus-size-pants/plus-size-hanky-paisley-printed-pull-on-wide-leg-pants-g_7740380.html
[4] https://www.rosegal.com/plus-size-leggings/skinny-american-flag-3d-capri-plus-size-jeggings-g_7771502.html
[5] https://www.rosegal.com/plus-size-tank-tops/plus-size-curve-lace-up-american-flag-sunflower-print-tank-top-g_7771124.html

26. Defendant WhaleCo operates the website Temu.com, which purports to be a marketplace offering a wide variety of discounted products. All users of Temu.com, including seller partners, enter into the Temu.com Terms of Use agreement.

27. An individual seller partner may register an account with WhaleCo, subject to the Seller Services Agreement, and agree to source and supply WhaleCo with products. The seller partner may also provide WhaleCo with written descriptions for the products and media.

28. WhaleCo ultimately determines the retail price at which a seller partner's products will be sold and where the products will be sold.

29. WhaleCo ultimately determines which media is displayed on a seller partner's product listing on Temu.com

30. WhaleCo processes retail payments for products offered by a seller partner on the Temu.com platform and remits to the seller partner a lower wholesale price for each transaction. In this way, WhaleCo earns money from the sale of a seller partner's products on the Temu.com platform. In this way, WhaleCo, effectively, sells products suggested to it by its seller partners.

**Defendants' Unlawful Acts**

31. In June 2023, Plaintiff discovered that unauthorized listings for certain Plaintiff Products - leggings illustrated in Plaintiff Works Group A - appeared on Temu.com, specifically on the seller partner "storefront" of Defendant OYIJIA,[6] albeit with the Plaintiff's watermarks removed but with the Mark digitally re-placed onto the leg portions of the photos. A true and correct copy of the infringing listing is attached hereto as **Exhibit 3**.

32. On June 2, 2023, Plaintiff provided an infringement notice to Defendant WhaleCo, requesting that the listing be removed as a result of its infringement of Plaintiff's copyright in the photos

---

[6] https://www.temu.com/plus-size-casual-leggings-womens-plus-floral-denim-print-stretchy-skinny-leggings-g-60109951407 9328.html

and trademark that appeared in the photos. Defendant WhaleCo did not comply with the request, despite the red flag knowledge it then had regarding Plaintiff's copyright infringement claims regarding Plaintiff Works Group A. A true and correct copy of the exchange is attached hereto as **Exhibit 4**.

33. Later in June 2023, Plaintiff discovered that additional unauthorized listings for certain Plaintiff Products - items illustrated in Plaintiff Works Groups B, C, and D - appeared on Temu.com, specifically on the seller partner "storefronts" of Defendants Necoo,[7] OversizeLAPA[8], and Alubo,[9] respectively, albeit again with Plaintiff's watermarks removed, albeit with the Mark digitally re-placed on parts of the clothing items in the photos. True and correct copies of these infringing listings are attached hereto as **Exhibits 5, 6, and 7**.

34. On June 28, 2023, Plaintiff sent a notice of these infringing listings to Defendant WhaleCo. which again did not result in the infringing listings being taken down, despite the red flag knowledge it then had regarding Plaintiff's copyright infringement claims regarding Plaintiff Works Groups B, C, and D. **Exhibit 8**.

35. Instead, on or about July 6, 2023, Defendant WhaleCo caused to be deactivated the Temu accounts of the Plaintiff Licensees, which remain deactivated.

36. Defendant WhaleCo., acting in concert with seller partners OYIJIA, Alubo, Necoo, OversizeLAPA (the "Store Defendants"), without authorization, reproduced and caused to be displayed the Plaintiff Works and/or derivative works thereof.

---

[7] https://www.temu.com/plus-size-casual-pants-womens-plus-allover-paisley-print-medium-stretch-wide-leg-pants-g-601099516291302.html
[8] https://www.temu.com/plus-size-casual-pants-womens-plus-denim-flag-print-high-rise-skinny-high-stretch-capri-leggings-g-601099516552813.html
[9] https://www.temu.com/plus-size-casual-outfits-set-womens-plus-flag-sunflower-print-cami-top-capri-leggings-2pcs-outfits-set-g-601099515180341.html

37. Defendant WhaleCo, acting in concert with the Store Defendants, used to Mark to offer to sell clothing products, and controlled and benefitted from the infringement of Plaintiff Works Groups A, B, C, and D.

38. Defendants' unauthorized use of the Mark in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including with respect to the sale of such products into the United States, including specifically Illinois and this Judicial District, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is harming Plaintiff.

## Count I - Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)

### (All Defendants)

39. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 38.

40. Plaintiff's trademark infringement claims against Defendants are based on their unauthorized use in commerce of counterfeit imitations of the federally-registered Plaintiff Mark in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, namely, clothing of the types covered under Plaintiff's Mark's registration in IC 25.

41. The Plaintiff Mark is distinctive, and consumers have come to expect superior quality from Plaintiff Products and retail services advertised, distributed, offered, or sold under the Mark.

42. Defendants have advertised, distributed, offered to sell, sold, and will likely continue advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the Mark without Plaintiff's permission.

43. Plaintiff is the exclusive owner of the Mark.

44. Plaintiff's registrations for the Plaintiff Mark is in full force and effect.

45. Upon information and belief, Defendants are aware and have knowledge of Plaintiff's rights in the Plaintiff Marks and are willfully infringing it and intentionally using counterfeit reproductions thereof.

46. Defendant's willful, intentional, and unauthorized use of the Mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

47. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. § 1114, 1116(d)(1)(B)(i).

48. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Mark if Defendants' actions are not enjoined.

49. Defendants' wrongful advertisement, offering to sell, and sale of Infringing Products have directly and proximately caused injuries and damage to Plaintiff.

### Count II - False Designation of Origin, Passing Off, and Unfair Competition (15 U.S.C. § 1125(a))

### (All Defendants)

50. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 49.

51. The Mark is a distinctive trademark.

52. Defendant's advertising, distribution, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Infringing Products by Plaintiff.

53. By using the Mark in association with the advertising, distribution, offering for sale, and sale of the Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Infringing Products.

54. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the willful use of spurious marks and is a willful violation of 15 U.S.C. § 1125(a).

55. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Mark if Defendants' actions are not enjoined.

**Count III - Violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)**

**(All Defendants)**

56. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 55.

57. Defendants have engaged in acts which violate Illinois law including, without limitation: passing off their Infringing Products as those of Plaintiff; cause a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine Plaintiff Products; representing that their products have Plaintiff's approval when they do not; and engaging in other conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

58. Defendants' foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trademark Practices Act, 815 ILCS § 510, et seq.

59. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Mark if Defendants' actions are not enjoined.

**Count IV - Contributory Trademark Infringement and Unfair Competition**

**(Defendant WhaleCo)**

60. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 - 59.

61. Defendant WhaleCo actively and intentionally encouraged and induced the Store Defendants to infringe the Mark when WhaleCo provided the Store Defendants the ability, via the Temu.com platform, to provide the Plaintiff Works - containing the Mark - to Defendant WhaleCo to sell the Store Defendants' Infringing Products, and then ultimately approved the Store Defendants' use of the Mark to sell Infringing Products.

62. Defendant WhaleCo is contributorily liable for the Store Defendants' direct infringement of the Mark which is also likely to cause confusion, mistake or deception in violation of the 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and 815 ILCS §510/2 (2) and (3).

63. Defendant WhaleCo's contributory infringement of the Mark has resulted in actual and probably injury to Plaintiff.

64. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Mark if Defendant's WhaleCo's actions are not enjoined.

## Count V - Vicarious Trademark Infringement

**(Defendant WhaleCo)**

65. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 - 59.

66. Defendant WhaleCo, through entering into a Terms of Service agreement and Seller Services Agreement with the Store Defendants, intentionally registered the Store Defendants and allowed them to establish merchant accounts on the Temu.com platform through which the Store Defendants offered to sell, without Plaitniff's authorization, Infringing Products by using the Mark.

67. At all relevant times, Defendant WhaleCo, at least through the Terms of Service agreement and Seller Services Agreement, had the right and ability to supervise the Store Defendants' infringing conduct.

68. Pursuant to the Terms of Use and Seller Services Agreement, Defendant WhaleCo was bound to process payment transactions for the Seller Defendants' Infringing Products.

69. WhaleCo facilitated, encouraged, promoted, allowed, enabled, and otherwise permitted the direct infringements of the Store Defendants, and other illegal conduct alleged herein, in the course of WhaleCo's businesses.

70. WhaleCo profited from the Store Defendants' sales of Infringing Products on the Temu.com platform including through helping to process payment transactions for the Infringing Products.

71. WhaleCo's vicarious infringement of the Mark has resulted in actual and probably injury to Plaintiff.

72. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Mark if Defendant's WhaleCo's actions are not enjoined.

## Count VI - Copyright Infringement

### (All Defendants)

73. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 - 38.

74. Plaintiff is the owner of the original Plaintiff Works contained in **Exhibit 1**.

75. The Plaintiff Works are protected under the Berne Convention for the Protection of Literary and Artistic Works and the U.S. Copyright Act, 17 U.S.C. § 104 et seq.

76. Upon information and belief, Defendants had access to the Plaintiff Works in Exhibit 1 through viewing Plaintiff's sale of its genuine Plaintiff Products which were advertised and sold in association with the Plaintiff Work on Rosegal.com. After accessing the Plaintiff Works,

Defendants wrongfully created copies of the Plaintiff Works without Plaintiff's consent and engaged in acts of widespread infringement through the creation and reproduction of images containing the Plaintiff Work, posting the images and videos via online websites and digital markets, and the sale of clothing product listings using the Plaintiff Work without authorization.

77. Each Defendant, without the permission or consent of the Plaintiff, has offered to sell, marketed, distributed, advertised, sold and continues to sell online products in connection with the Plaintiff Works and reproduce, display, and distribute the Plaintiff Work without authorization and in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

78. As a direct result of their acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the copyrighted Plaintiff Work.

79. Defendants knew their acts constituted copyright infringement and Defendants' conduct was willful within the meaning of the Copyright Act.

80. Defendant WhaleCo, specifically, failed to expeditiously react remove the infringing versions of Plaintiff Works Groups A, B, C, and D, ignored the red flags raised by Plaintiff in its notifications of those infringements, and controlled and benefitted from the infringing activity.

81. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.

82. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

83. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct.

## Count VII - Vicarious Copyright Infringement

**(Defendant WhaleCo)**

84. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 - 38.

85. Defendant WhaleCo, through entering into a Terms of Service agreement and Seller Services Agreement with the Store Defendants, intentionally registered the Store Defendants and allowed them to establish merchant accounts on the Temu.com platform through which the Store Defendants offered to sell, without Plaintiff's authorization, Infringing Products by uploading and displaying the Plaintiff Works.

86. At all relevant times, Defendant WhaleCo, at least through the Terms of Service agreement and Seller Services Agreement, had the right and ability to supervise the Store Defendants' infringing conduct.

87. Pursuant to the Terms of Use and Seller Services Agreement, Defendant WhaleCo was bound to process payment transactions for the Seller Defendants' Infringing Products.

88. WhaleCo facilitated, encouraged, promoted, allowed, enabled, and otherwise permitted the direct infringements of the Store Defendants, and other illegal conduct alleged herein, in the course of WhaleCo's businesses.

89. WhaleCo profited from the Store Defendants' sales of Infringing Products on the Temu.com platform including through helping to process payment transactions for the Infringing Products.

90. WhaleCo's vicarious infringement of the Plaintiff Works has resulted in actual and probably injury to Plaintiff.

**Count VIII - Digital Millennium Copyright Act (DMCA) Violations, 17 U.S.C. § 1202**

**(Store Defendants)**

91. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 - 38.

92. Plaintiff is the owner of the original Plaintiff Works contained in Exhibit 1.

93. The Plaintiff Works are protected under the Berne Convention for the Protection of Literary and Artistic Works and the U.S. Copyright Act, 17 U.S.C. § 104 et seq.

94. Each of the Plaintiff Works includes a watermark of Plaintiff's Mark, to which it has exclusive rights, that identifies Plaintiff and is copyright management information under 17 U.S.C. § 1202.

95. Plaintiff used software to add the watermarks to each of the Plaintiff Works.

96. Defendants, without authority, intentionally removed from or altered copyright management information in the Plaintiff Works.

97. Defendants, without authority, distributed and displayed copies of the Plaintiff Works knowing that the copyright management information had been removed from or altered in the copies.

98. Defendants knew, or had reasonable grounds to know, that their actions would induce, enable, facilitate, or conceal an infringement of Plaintiff's exclusive rights in the Plaintiff Works.

99. Defendants should pay statutory damages, attorneys fees, and costs for each of their willful violations of the DMCA, 17 U.S.C. § 1202(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Shenzhen Aji Fashion Technology Co. Ltd., prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be enjoined and restrained from:

    a. using the Mark or Plaintiff Works or any reproductions, counterfeit copies, derivatives, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Mark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Mark;

    c. committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the Mark or Plaintiff Works, and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Mark, or any reproductions, counterfeit copies, or colorable imitations thereof, or any reproductions, counterfeit copies, or colorable imitations thereof, or the Plaintiff Works or artifacts or derivative works thereof;

    f. operating and/or hosting websites which are involved with the distribution, marketing, advertising, offering for sale, or sale products or inventory not authorized by Plaintiff which bear the Mark, or the reproduction or display of the Plaintiff Works;

2) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

3) That Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every unauthorized use of the Mark;

4) The Plaintiff be awarded judgment against Defendants that they have: (i) willfully infringed Plaintiff's rights in the Plaintiff Works copyright pursuant to 17 U.S.C. § 501; and (ii) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

5) That Plaintiff be awarded actual damages or other available damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be determined at trial;

6) That Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) of $25,000 for each violation of 17 U.S.C. § 1202.

7) That Plaintiff be awarded its reasonable attorneys' fees and costs as available under 15 U.S.C. § 1117, 17 U.S.C. § 1203(b)(5), 815 ILCS § 510/3, and/o other applicable law; and

8) The Plaintiff be awarded any and all other relief that this Court deems just and proper.

Dated September 24, 2023

Respectfully Submitted

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
Brian Swift
AU LLC
564 W. Lake St. 17th Floor
Chicago, IL 60661
(312) 715-7312
adamu@au-llc.com
brians@au-llc.com
*Counsel for Plaintiff Shenzhen Aji Fashion Technology Co. Ltd.*