IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Shenzhen Aji Fashion Technology Co. Ltd., | |
| Plaintiff, | No. 23 CV 14043 |
| v. | Honorable Nancy L. Maldonado |
| WhaleCo Inc., et al., | |
| Defendants. | |

**Memorandum Opinion and Order**

Plaintiff Shenzhen Aji Fashion Technology Co. Ltd. ("Shenzhen") brings this lawsuit against Defendant WhaleCo, Inc. ("WhaleCo") asserting federal claims for trademark infringement, copyright infringement, and unfair competition under state law. (Dkt. 1.) Shenzhen is a Chinese business that operates an e-commerce website, Rosegal.com, where it sells its trademarked "Rosegal" clothing items and accessories. WhaleCo owns and operates the online marketplace, Temu.com. Shenzhen alleges that WhaleCo works in concert with the independent online sellers on Temu.com to sell counterfeit Rosegal products without authorization, thereby infringing on Shenzen's intellectual property rights. In addition to WhaleCo, Shenzhen names four of these individual online sellers operating on Temu.com as defendants (the "Store Defendants").[1]

Pending before the Court is WhaleCo's motion to transfer venue to the U.S. District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). For the reasons stated below, the Court grants WhaleCo's motion. In short, the Court agrees with WhaleCo that the District of Massachusetts is the more convenient forum for this suit, irrespective of whether venue within the Northern District of Illinois is also proper. The case will therefore be transferred.

---

[1] Shenzhen identifies these seller defendants as OYIJIA, ALUBO, Necoo, and OversizeLAPA. (Dkt. 1 ¶¶ 4–7.)

**Background**

In reviewing a motion to transfer venue, the Court generally accepts the well-pled allegations in the Complaint as true, though the Court may also consider supplemental evidentiary materials outside the Complaint. *Esposito v. Airbnb Action, LLC*, 538 F. Supp. 3d 844, 846 (N.D. Ill. 2020) (citing *Deb v. SIRVA, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016)). The Court must resolve all factual conflicts and draw all reasonable inferences in the plaintiff's favor. *Harris v. comScore*, Inc., 825 F. Supp. 2d 924, 926 (N.D. Ill. 2011) (citations omitted). The Court will set the relevant background below with these principles in mind.

Shenzhen is a Chinese business operating through its retail e-commerce website Rosegal.com. (Dkt. 1 ¶ 2.)[2] Since 2013, Shenzhen has been in the business of designing, distributing, and selling various clothing items and accessories on an international basis, including within the United States. (*Id.* ¶ 11.) Shenzhen holds a U.S. trademark registration in its "Rosegal" brand name, which it uses in connection with the marketing and sale of various clothing products through the Rosegal website. (*Id.* ¶¶ 12–13.) Shenzhen asserts that it has invested significant time and money in growing and protecting its trademark, which grants it exclusive rights to use and display the Rosegal brand name for the sale of its products. (*Id.* ¶ 21.) Additionally, Shenzhen states that it produces its own marketing materials, including product photos, which it uses to sell its clothing products. (*Id.* ¶ 23.) Shenzhen alleges that it has valid copyrights in its original marketing materials and product photos, giving it the exclusive right to use and distribute those materials, and prepare any derivative works. (*Id.* ¶ 25.) The product photos produced by Shenzhen include the trademarked Rosegal name in watermarks on the images. (*Id.* ¶ 24.)

---

[2] In citations to the docket, page numbers are taken from the CM/ECF headers.

WhaleCo is a Delaware corporation with its principal place of business in Boston, Massachusetts. (*Id.* ¶ 3 ; Dkt. 9 ¶ 3.) WhaleCo operates the international e-commerce marketplace Temu.com, where a variety of discounted products can be purchased. (Dkt. 1 ¶¶ 3, 26.) Individual sellers may register an account to source and supply WhaleCo with products for sale on Temu.com, though according to Shenzhen, WhaleCo retains control over setting retail prices and determining what media is displayed as part of a seller's product listings. (*Id.* ¶¶ 27–29.)

Shenzhen alleges that, in around June and July of 2023, it discovered that the four Store Defendants were offering unauthorized Rosegal clothing items for sale on their individual Temu.com stores. (*Id.* ¶¶ 31–34.) The listings, which used Shenzhen's original Rosegal product images, were not authorized or licensed by Shenzhen, and the Store Defendants obscured the Rosegal watermarks on the product images. (*Id.*) Shenzhen claims that it sent notices to WhaleCo about the unauthorized listings, but that WhaleCo took no action to address the issue. (*Id.* ¶ 34.) In fact, rather than taking down the infringing product posts, Shenzhen alleges that WhaleCo deactivated the Temu.com accounts of other sellers that did have a license from Shenzhen to sell Rosegal merchandise. (*Id.* ¶ 35.)

In response to WhaleCo's failure to take down the Store Defendants' product postings, and its deactivation of the accounts of authorized Rosegal sellers, Shenzhen initiated the instant lawsuit in this District on September 24, 2023. (*See id.*)  Shenzhen alleges that WhaleCo has worked in concert with the Store Defendants to improperly use Shenzhen's trademark and copyrighted photos to offer unauthorized and unlicensed Rosegal clothing products for sale. (*Id.* ¶ 36.) Shenzhen's eight-count complaint asserts a number of claims under federal law for trademark infringement, copyright infringement, and unfair competition. (*Id.* ¶¶ 39–55, 60–99.) The complaint also includes a state law claim for violation of the Illinois Uniform Deceptive Trade Practices Act, 815

ILCS § 510, *et seq*. (*Id.* ¶¶ 56–59.) On October 31, 2023, WhaleCo responded to the Complaint by filing the instant motion to transfer venue to the U.S. District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) and 1406(a). (Dkt. 7.)

In terms of the allegations in the Complaint specifically related to venue, Shenzhen claims that venue is proper in the Northern District of Illinois because all the Defendants directly target their business activities toward consumers in Illinois and this District, and have shipped "at least one" infringing product to residents of Illinois. (*Id.* ¶ 10.) Shenzhen goes on to allege that Defendants operate a commercial, fully-interactive online marketplace through which residents of Illinois and this judicial District in particular can purchase products being offered under counterfeit and unauthorized versions of Shenzhen's trademarks. (*Id.*). Shenzhen claims that all the Defendants have targeted sales of products to Illinois and this District by selling infringing products on the Temu.com marketplace and offering shipping to addresses within Illinois and this District. (*Id.*)

WhaleCo responds to Shenzhen's allegations regarding venue by citing several additional facts as presented in a declaration from one of its Senior Attorneys, Chrstine Casaceli, which it attaches in support of its motion to transfer. (Dkt. 9.) Casaceli states that WhaleCo is a Delaware corporation that maintains its headquarters in Boston, Massachusetts, and that the Boston headquarters "serves as the functional locus of the U.S operation" of Temu.com. (*Id.* ¶ 4.) Casaceli states that WhaleCo does not itself sell products on Temu.com, but rather simply operates the marketplace that allows third-party sellers to list and sell their products nationwide in every state in the United States. (*Id.* ¶ 5.) According to Casaceli, WhaleCo's employees responsible for intellectual property disputes are all located in Massachusetts, as are its records and information regarding the Temu.com platform, and its teams that manage relationships with Chinese third-

party sellers are all located in China. (*Id*. ¶¶ 6–10.) Casaceli alleges that, on information and belief, the Store Defendants are all based in China, and further that they all offer their products for sale nationwide and will ship products to addresses throughout the United States. (*Id.* ¶ 12.)

## Discussion

WhaleCo raises two alternative arguments for transferring venue to the District of Massachusetts: (1) venue is not proper in the Northern District of Illinois because the Court lacks personal jurisdiction over WhaleCo, and therefore transfer is warranted under 28 U.S.C § 1406(a) to the District of Massachusetts where the case could have originally been filed[3]; and (2) even if venue is proper in this District, transfer is warranted under 28 U.S.C § 1404(a), because the District of Massachusetts would be the more convenient forum. (Dkt. 8 at 9–15.) As explained further below, the Court agrees with WhaleCo's second argument that the District of Massachusetts is the more appropriate forum, and that the case should be transferred pursuant to 28 U.S.C § 1404(a).[4]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C § 1404(a). In evaluating transfer, the Court must first determine whether personal jurisdiction and venue are proper in the transferee court, and then the Court must consider various public and private interest factors to determine whether transfer would serve the convenience of the parties and witnesses, and whether it would be in the interest of justice. *See Hanover Ins. Co.*

---

[3] 28 U.S.C. § 1406(a) provides that the Court may transfer a case with improper venue to a district court where the case could have been brought if such transfer is "in the interest of justice."

[4] Because the Court finds transfer warranted under § 1404(a), the Court need not resolve the separate questions of whether venue is also proper in this District, and whether the Court has personal jurisdiction over WhaleCo. *See, e.g.*, *Honorato v. Mt. Olympus Enterprises, Inc*., No. 20 C 3385, 2020 WL 5800730, at *4 (N.D. Ill. Sept. 29, 2020) ("A district court may transfer a case to another proper venue regardless of whether it has personal jurisdiction over the defendant under 28 U.S.C. § 1404 or § 1406.") (citing *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)); *see also Nautilus Ins. Co. v. A. Moore Const. & Roofing, Inc*., No. CIV. 10-1211, 2010 WL 2985929, at *1 (D. Minn. July 27, 2010) ("Notably, the Court may transfer this action regardless of whether venue is proper in this district or whether it enjoys personal jurisdiction over the moving Defendants.") (citations omitted).

*v. N. Bldg. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012); *see also Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 62 (2013). Section 1404(a) "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The party seeking transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient" than the transferor. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21 (7th Cir. 1986). The task of weighing the relevant factors "is committed to the sound discretion of the trial judge." *Id*. at 219.

For the reasons that follow, the Court concludes that this case could have been filed in the District of Massachusetts, and that the relevant public and private interest factors weigh in favor of transfer.

**A.  This Case Could Have Been Brought in the District of Massachusetts.**

The Court must first confirm whether the requirements for venue and personal jurisdiction would be met in the District of Massachusetts. Personal jurisdiction may be either general or specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). General jurisdiction refers to the forum in which a party, either a person or corporation, is "essentially at home." *Id.* Specific jurisdiction covers those cases where a party is not "at-home" in the forum state, but has sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 621 (7th Cir. 2022) (citing *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).

6

Shenzhen does not dispute that the District of Massachusetts would have personal jurisdiction over WhaleCo, or that venue would be proper in that court at least as to the claims against WhaleCo. Nor could Shenzhen seriously contend otherwise; it is undisputed that WhaleCo's headquarters is located in Boston, Massachusetts, and it is well-settled that a corporation is subject to the general personal jurisdiction of the state in which its principal place of business is located. *See, e.g.*, *Jaeger v. RDX, LLC*, No. 22-CV-3018, 2023 WL 4355030, at *2 (C.D. Ill. July 5, 2023) ("The paradigma[tic]' examples of forums states which would have general personal jurisdiction over corporations are the corporation's 'place of incorporation and principal place of business.'") (citing *Ford Motor Co.*, 141 S. Ct. at 358–59). With respect to venue, Shenzhen has not disputed WhaleCo's assertion that its Boston headquarters serves as the "functional locus" of WhaleCo's U.S. operations of its e-commerce platform Temu.com. As Shenzhen's claims concern the sale of unauthorized products in the United States on Temu.com, there can be no doubt that a substantial part of the events giving rise to Shenzhen's claims are necessarily traced to WhaleCo's headquarters in Boston, which is located within the Eastern Division of the District of Massachusetts. In short, Shenzhen's claims against WhaleCo could have been brought in the District of Massachusetts in the first instance.

As to Shenzhen's claims against the Store Defendants, who have not yet been served with summons or appeared in this action, the parties dispute whether jurisdiction and venue would lie in the District of Massachusetts.[5] WhaleCo argues that jurisdiction and venue are proper in that

---

[5] WhaleCo's initial motion and reply brief were silent as to whether jurisdiction and venue would also be proper as to the Store Defendants. But as Shenzhen correctly pointed out in its response, jurisdiction and venue must be established in the transferee court as to all defendants before the Court can order transfer. *See, e.g., J.S.T. Corp. v. Gold*, No. 20 C 340, 2020 WL 4748144, at *5 (N.D. Ill. Aug. 16, 2020). The failure to address this issue in its opening briefing could have been grounds on its own to deny WhaleCo's motion. But based on the Court's initial review of the parties' briefing, transfer would otherwise be warranted under § 1404 in light of the applicable public and private interest factors. Rather than deny the motion outright and keep a case in a potentially inconvenient forum, the Court ordered the parties to file additional supplemental briefing to address the specific question of whether venue and jurisdiction would be proper in the District of Massachusetts as to the Store Defendants. (Dkt. 22.)

court as to the Store Defendants for two reasons: First, WhaleCo argues that Shenzhen's only real basis for jurisdiction and venue in this Court for the Store Defendants is the fact that they sell products available for shipping to Illinois, and because those defendants also offer shipping to the District of Massachusetts, personal jurisdiction and venue is necessarily also proper in that jurisdiction. (Dkt. 25 at 4–5.) Second, WhaleCo argues that the Store Defendants contract with WhaleCo, and their alleged concerted activity with WhaleCo demonstrates that the Store Defendants have sufficient minimum contacts with the District of Massachusetts to establish personal jurisdiction and venue. (*Id.* at 5–7.)

Shenzhen counters that WhaleCo has misinterpreted its asserted grounds for venue and jurisdiction in Illinois as to the Store Defendants, and that jurisdiction and venue lie in Illinois not because of the mere availability of the online stores, but because of the actual sale of products to Illinois. Shenzhen notes that, under Seventh Circuit and First Circuit precedent, the mere fact that a defendant operates a website that can be accessed in a forum is generally insufficient to establish personal jurisdiction. (Dkt. 29 at 2); *see generally Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010) ("Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'); *Motus, LLC v. CarData Consultants, Inc*., 23 F.4th 115, 125 (1st Cir. 2022) ("The mere availability of a primarily informational website is not enough — by itself — to render a defendant susceptible to jurisdiction in a particular forum . . .to establish specific jurisdiction, there must be more."). On the other hand, the sale of even a single infringing product to the forum can be sufficient contact to establish personal jurisdiction. *See generally NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624–25 (7th Cir. 2022) (finding that the sale and shipping of a single product to Illinois

in advance of the litigation was sufficient to demonstrate purposeful availment for the purpose of personal jurisdiction).

Shenzhen thus maintains that jurisdiction and venue lie in Illinois as to the Store Defendants not simply based on the availability of their online stores, but based on Shenzhen's allegation that the Store Defendants have each shipped "at least" one product to the jurisdiction.[6] Shenzhen argues that jurisdiction does not lie in Massachusetts for the same reason, because although the Store Defendant's products may be *available* for sale to that jurisdiction, there is no allegation or evidence they have actually shipped or sold any product there. As to WhaleCo's argument that its contract and alleged activities with the Store Defendants creates personal jurisdiction in Massachusetts, Shenzhen argues that the mere existence of a contract with a party in a forum state is insufficient under First Circuit precedent to satisfy personal jurisdiction. (Dkt. 29 at 5) (citing *Power v. Connectweb Techs., Inc*., 643 F. Supp. 3d 272, 288 (D. Mass. 2023)) ("[T]he mere existence of a contractual relationship with an entity that is located in the forum state is not sufficient to establish purposeful availment.") (citations omitted)).

The Court ultimately agrees with WhaleCo that jurisdiction and venue are proper as to the Store Defendants in the District of Massachusetts. Shenzhen is generally correct that, under First

---

[6] Whether or not Shenzhen has properly alleged that *all four* Store Defendants have shipped products to Illinois is a disputed question. The Complaint simply states that "Defendants shipped at least one" infringing product to Illinois. (Dkt. 1 ¶ 10.) Shenzhen claims in its briefing that this means that *each* of the Store Defendants has shipped one product, but an allegation that "Defendants" in the collective sense have shipped at least one product is different than an allegation that each Defendant individually has shipped at least one product. Shenzhen chose to allege the former, not the latter, which suggests that perhaps only one of the four Store Defendants actually shipped a product to Illinois and could be subject to personal jurisdiction. Shenzhen attempts to remedy this discrepancy by attaching further screen shots to its supplemental brief which it claims demonstrate that all four Store Defendants actively sell their infringing products to Illinois. (Dkts. 29-1; 29-2; 29-3; 29-4.) But as WhaleCo points out in a supplemental reply, those screen shots merely show *pending* orders that have not yet been submitted, not confirmed orders showing products have been shipped. Ironically then, Shenzhen's evidence that "all" Store Defendants have shipped products to Illinois really just amounts to evidence that all four Store Defendants offer shipping to Illinois, which is the same kind of evidence Shenzhen contends is not sufficient to establish jurisdiction in Massachusetts. The Court need not ultimately resolve this issue, as the Court independently finds jurisdiction in Massachusetts is proper. But the vague nature of Shenzhen's allegations and their questionable evidence emphasizes the tenuous basis for jurisdiction in Illinois, and serves to undercut Shenzhen's claims that jurisdiction must lie only here, and not in Massachusetts.

Circuit precedent, the mere availability of a website in a forum, or the mere existence of a contract with a party in a forum, may not be sufficient on their own to establish personal jurisdiction. *See Motus,* 23 F.4th at 125; *Power*, 643 F. Supp. 3d at 288 (citations omitted). But here, the Court finds that the combination of those two factors in this case demonstrates that the Store Defendants have sufficient minimum contacts with Massachusetts to establish personal jurisdiction. The Store Defendants did not just create websites on their own initiative that can be accessed in any location, they specifically entered into an agreement with WhaleCo, a Massachusetts-based company, to sell products throughout the United States, including for potential sale in Massachusetts, using WhaleCo's e-commerce platform. Further, the Store Defendants did not contract with WhaleCo for a one time sale of goods or services, but instead, according to Shenzhen's own allegations, are engaged in an ongoing relationship with WhaleCo in which WhaleCo controls the media and images that appears on the Store Defendants' product listings, sets the prices their products are sold at, and decides where the products are sold. (Dkt. 1 ¶¶ 28–29.) WhaleCo and the Store Defendants are also, according to Shenzhen, purportedly "acting in concert" to use Shenzhen's trademark and copyrighted images to offer and sell clothing products that infringe upon Shenzhen's intellectually property. (*Id.* ¶¶ 4–7, 36–37.) Thus, there is "something more" in this case than the mere availability of a website or the mere existence of a contractual relationship; there is an ongoing relationship with various specific terms and conditions, and an ongoing alleged scheme of copyright infringement. *Cf. Power*, 643 F. Supp. 3d at 288 (rejecting personal jurisdiction based on the mere existence of a contract with a Massachusetts business to host a website, where there were no factual allegations related to the nature or extent of the contractual relationship).

The Court notes that the general principle behind the "purposeful availment" inquiry, and the requirement of personal jurisdiction generally, is that defendants should not be subject to jurisdiction in forums to which they have no connection beyond "random" or "isolated" contacts, or the actions of third parties, but instead should be subject to jurisdiction only where they voluntarily availed themselves of the benefits of a forum, and it was foreseeable their actions may subject them to suit in that forum. *See generally id.* ("[T]he two cornerstones of purposeful availment are voluntariness and foreseeability.") (internal citations omitted). Here the Court finds, based on the allegations in the Complaint and the record before it, that it would be reasonably foreseeable to the Store Defendants that their engaging with WhaleCo to sell products on its e-commerce platform, for potential sale in Massachusetts, might subject them to suit in Massachusetts, the forum where WhaleCo is headquartered and from where it runs its U.S. operations of Temu.com. Indeed, it is at least *as foreseeable* that they would be hauled into court in Massachusetts, where WhaleCo and the U.S. operations of Temu.com are based, as it is that they would be sued in Illinois based on a single sale of a product in that forum. It would be a somewhat absurd result to find that the Store Defendants can properly be sued in Illinois based on the sale of a single product (sales that were very likely initiated by Shenzhen or its counsel themselves),[7] but could not be subject to suit in the jurisdiction where the company that provides the platform and capability for those sales is located, simply because the defendants have not yet

---

[7] WhaleCo expressly claims that the alleged sales to Illinois were initiated by Shenzhen or its counsel. Shenzhen does not address the point, though it seems likely given that Shenzhen's "evidence" of sales are screen shots of uncompleted orders. *See supra* at n. 6. These screen shots seem to the Court to be the kind of thing to which only Shenzhen or its counsel would have access. To be sure, the Seventh Circuit has been clear that the fact that sales were initiated by a party or its attorney prior to litigation does not mean that personal jurisdiction is any less justified. *See NBA Props., Inc.*, 46 F.4th at 624–25. Thus the fact that the sales may have been initiated by Shenzhen is not necessarily relevant to whether jurisdiction in Illinois is proper. The Court notes this fact merely to emphasize the arbitrary reasoning and circular logic behind Shenzhen's argument that jurisdiction is proper in Illinois solely by virtue of the sales of products to this forum, when its counsel could have easily created personal jurisdiction in the more convenient forum of Massachusetts on the same grounds with the mere click of a button.

sold a product to that specific jurisdiction. The Court will not endorse such a result, as it would twist the requirements of personal jurisdiction in a manner that would allow plaintiffs such as Shenzhen to conjure personal jurisdiction against online-sellers in any forum of their choice, while at the same time avoiding transfer to otherwise more convenient forums solely on the grounds that they chose *not* to purchase a product for shipping to that jurisdiction. In short then, as explained above, the Court finds that the Store Defendants' contacts with WhaleCo, and their offering of products for sale to Massachusetts, are sufficient contacts to establish personal jurisdiction in Massachusetts.

Turning to the question of venue, 28 U.S.C. § 1391 provides that venue is proper in a judicial district: (1) in which any defendant resides, if all defendants are residents of the same state; (2) a district in which "a substantial part of events" giving rise to the claim occurred; or (3) if no such district exists that satisfies the first two bases of venue, "any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). The Court finds that venue would be proper in the District of Massachusetts under either the second or third grounds set forth in 28 U.S.C. § 1391. As noted above, venue is proper in the District of Massachusetts as to WhaleCo given that its U.S. operations of Temu.com emanate from its Boston, Massachusetts headquarters. The allegations that the Store Defendants acted in concert with WhaleCo to use Shenzhen's trademark and copyrighted material, and to sell infringing products on Temu.com, suggest that a "substantial part" of the events underlying Shenzhen's claims against those defendants similarly took place in Massachusetts, where WhaleCo is based. On the other hand, if venue were not satisfied under § 1391(b)(2), it would nonetheless be proper under § 1391(b)(3) on the grounds that WhaleCo and the Store Defendants are otherwise subject to personal jurisdiction in Massachusetts, as discussed above. In short then, venue is proper in the District of

Massachusetts.[8]

In sum, the Court finds that jurisdiction and venue would be proper in the District of Massachusetts as to all Defendants.

### B. The Private Interest Factors Support Transfer

Having found that the threshold requirements for transfer are met, the Court turns to its analysis of the relevant public and private interest factors to determine whether transfer would serve the convenience of the parties and witnesses and the interest of justice. Beginning with the private interest factors, those include the plaintiff's choice of forum, the situs of the material events, the convenience of the parties and witnesses, and the relative ease of access to evidence. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). As explained below, the Court finds that the private interest factors support transfer.

First, the Court finds that the convenience of the parties and witnesses strongly supports transfer. Many of the relevant witnesses, and some of the parties, including Shenzhen and the Store Defendants, are based in China. While there is little difference in convenience between litigating this case in Illinois and Massachusetts as to those China-based witnesses and parties, WhaleCo itself is based in Massachusetts, as are its U.S. operations of the Temu.com platform. It would therefore be substantially more convenient for WhaleCo as a party, and for any WhaleCo witnesses

---

[8] Some of Shenzhen's claims concern copyright infringement, which implicates an alternative venue provision, 28 U.S.C. § 1400. Section 1400 provides that civil actions relating to copyrights may be instituted "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). But to the extent this venue provision controls the venue analysis for Shenzhen's copyright claims, that does not change the Court's ruling. "The Seventh Circuit has interpreted § 1400(a) as finding venue for copyright cases to be proper only where personal jurisdiction is proper." *Philpot v. Eagle Commc'ns, Inc.*, No. 1:14-CV-01984-RLY, 2015 WL 4134038, at *5 (S.D. Ind. July 8, 2015). Thus, if personal jurisdiction would be proper for WhaleCo and the Store Defendants within the District of Massachusetts, which the Court concludes it would be, that necessarily means venue in that court is also proper under 28 U.S.C. § 1400(a) for any copyright infringement claims as well. *See, e.g.*, *Adlife Mktg. & Commc'ns Co., Inc. v. Fareway Stores, Inc.*, No. 17-CV-04254, 2018 WL 5629734, at *1 (C.D. Ill. Apr. 26, 2018) (finding venue proper in both transferee and transferor court under § 1400, based on the fact that both courts had personal jurisdiction over the defendants).

located at their Boston headquarters, to litigate this case in Massachusetts instead of Illinois. Shenzhen offers no substantive response to these points, instead merely suggesting in passing that Illinois is at least "equally" convenient for parties and witnesses as is Massachusetts. But while this may be the case for Shenzhen, the Store Defendants, and any other witnesses in China, it is not the case for WhaleCo as a party and any U.S.-based WhaleCo witnesses, for whom the District of Massachusetts is plainly more convenient. These factors thus weigh in favor of transfer.

Second, the fact that WhaleCo's U.S. headquarters is located in Massachusetts also means that the private interest factors related to the situs of material events, and the relative ease of access to evidence, both weigh in favor of transfer. This case involves the online sales of goods on an e-commerce platform by China-based defendants, and therefore most of the relevant documents and evidence is likely electronically available or located overseas. But, to the extent any documents or evidence is within the possession of WhaleCo in particular, that evidence is likely located in the district where WhaleCo is located. Further, while the Store Defendants' alleged counterfeiting activities took place in China, WhaleCo's involvement is tied to both China and Massachusetts. As between Illinois and Massachusetts then, these factors slightly weigh in favor of transfer to Massachusetts.

Shenzhen responds that these factors are neutral at best, because by WhaleCo's own admission, the primary situs of the infringing activity at issue is China, not Massachusetts, and any sources of proof or evidence that are ostensibly located in Massachusetts are electronic or easily transferable. Further, Shenzhen notes that its injury in this case is specifically tied to the Northern District of Illinois by virtue of the fact that infringing products were shipped to this forum, whereas there is no evidence of any products being shipped to Massachusetts. The Court is not persuaded, however. It is true that the substantial majority of events at issue likely took place in China, and

that the evidence at issue is easily transferable. While this might suggest these factors are neutral, the Court finds that WhaleCo's presence in Massachusetts tilts the factors slightly in favor of transfer. As noted above in the Court's discussion of personal jurisdiction, Shenzhen alleges that WhaleCo acted in concert with the Store Defendants to sell counterfeit products on its e-commerce platform, the U.S. operations of which are run from Massachusetts. This suggests at least some connection between WhaleCo's involvement in this case and that forum, more so than any connection to Illinois solely by virtue of the fact that a few allegedly infringing products developed in China were shipped here (again, likely at the direction of Shenzhen or its counsel). These factors thus weigh in favor of transfer.

Finally, the Court notes Shenzhen's choice of forum is entitled to little to no weight in this case. In considering whether to transfer an action, the court generally should 'give some weight to the plaintiff's choice of forum.'" *N.H. Ins. Co. v. Green Dragon Trading Co.*, No. 08 C 1326, 2008 WL 2477484, at *6 (N.D. Ill. June 17, 2008). But the plaintiff's choice of forum is entitled to less deference when it is not the plaintiff's home forum, and where another forum has a greater connection to the events at issue than the plaintiff's choice. *See Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017); *see also Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 482–83 (N.D. Ill. 1987) ("The plaintiff's choice is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum."). Here, Shenzhen is a Chinese company with no apparent ties to Illinois, and the substantial part of allegedly wrongful conduct at issue took place in China, or in Massachusetts where WhaleCo is based. The only connection between the conduct at issue in this case and Illinois is that the Store Defendants allegedly shipped at least one product to this forum. While those shipments may meet

the bare minimum requirements to establish personal jurisdiction under Seventh Circuit precedent, they do not demonstrate that the cause of action conclusively arose in this forum. Indeed, it seems to the Court that Shenzhen likely chose this forum for no other reason than the fact that this District Court, for whatever reason, has become the preferred location for plaintiffs to bring such intellectual property actions against online retailers for the sale of counterfeit goods. That general preference for this District may be entitled to weight in some circumstances. But here, where the plaintiff has no connection to the District and the relationship between the events at issue and this District are tenuous at best, the Court finds that choice is not entitled to any particular weight.

In sum then, the private interest factors support transfer to the District of Massachusetts.

### C. The Public Interest Factors Support Transfer.

Finally, the Court turns to the public interest factors. The public interest analysis "focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *See Amoco Oil Co.*, 90 F. Supp. 2d at 961–62 (quoting *Espino v. Top Draw Freight Sys., Inc.*, 713 F. Supp. 1243, 1245 (N.D. Ill. 1989)). Those public considerations include "the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Id.* at 962. As above, the Court finds here that the public interest factors all support transfer.

First, the speed at which the case will proceed to trial favors transfer to the District of Massachusetts. Shenzhen does not dispute WhaleCo's argument that the District of Massachusetts generally moves cases to trial approximately fifteen months faster than the Northern District of Illinois. (See Dkt. 8 at 19) (citing United States Courts, Comparison of Districts, (June 30, 2022), available at https://www.uscourts.gov/sites/default/files/fcms_na_distcomparison0630.2022_0.pdf.). Instead, Shenzhen argues that transfer will delay this case and consume time that would be

saved by maintaining the case here. The Court doubts that transfer would have any more than a minimal delay on this case, given the speed at which the District Court's Clerk's Office works to transfer cases. Regardless, any delay from the act of transfer is not what is contemplated under this public interest factor. If it were, then this factor would always weigh against transfer, because every single transfer to any other district would necessarily involve some administrative delay as the case was moved. What matters is the speed with which the case will be resolved in each court generally, and there can be no doubt that would be faster in the District of Massachusetts. This factor thus supports transfer.

As to the second factor, the familiarity with the applicable law, this factor is neutral. Both the Northern District of Illinois and the District of Massachusetts are equally competent to address Shenzhen's federal claims. To the extent that Shenzhen brings Illinois state-law claims, federal judges routinely apply the laws of states other than the forum in which they sit, and therefore the District of Massachusetts is presumed to be equally capable to apply Illinois law as is the Northern District of Illinois. *See Weis*, 296 F. Supp. at 930. This factor is thus neutral.

Finally, in terms of the desirability of resolving controversies in their locale, and the relationship of the forum to the occurrence at issue, the Court finds that these factors slightly weigh in favor of transfer. As discussed above, the only relationship to this forum in particular is that the Store Defendants allegedly shipped at least one product to this judicial district. But those products are generally available for sale throughout the United States on a national e-commerce marketplace, and therefore the mere fact that at least one product was actually shipped to this forum, a forum which none of the parties otherwise has a connection with, does not indicate that Illinois has any particular relationship or interest in resolving this matter. On the other hand, the Court finds that Massachusetts does have a particular relationship to this dispute, and therefore it

is desirable to resolve the case there, given that one of the Defendants is located there. As WhaleCo's headquarters is located in Massachusetts, there is a significant connection between this dispute and that forum, and it follows that a Massachusetts court would have a significant public interest in resolving a dispute involving a Massachusetts-based company. This factor thus supports transfer.

In sum, the Court concludes that, on balance, the public and private interest factors favor transfer to the District of Massachusetts.

## Conclusion

For the foregoing reasons, Defendant WhaleCo's motion to transfer venue to the District of Massachusetts is granted.

ENTERED: 6/5/24

*Nancy L. Maldonado*
_____

Nancy L. Maldonado

United States District Court Judge